**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-1930

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MAREK BISZCZANIK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| NATIONSTAR MORTGAGE, LLC; FEDERAL | ) | THE EASTERN DISTRICT OF |
| NATIONAL MORTGAGE ASSOCIATION, | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

FILED
*Mar 28, 2018*
DEBORAH S. HUNT, Clerk

O R D E R

Before: GUY, DAUGHTREY, and SUTTON, Circuit Judges.

Marek Biszczanik, a pro se Michigan resident, appeals the judgment of the district court granting a motion to dismiss filed by defendants, Nationstar Mortgage, LLC ("Nationstar"), and Federal National Mortgage Association ("Fannie Mae"), in Biszczanik's action to quiet title. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2000, Biszczanik borrowed $300,000 to purchase property in Bloomfield, Michigan. The loan was secured by a mortgage that was assigned to Nationstar in 2015. In a notice dated August 19, 2015, Nationstar informed Biszczanik that payment on his loan was 199 days past due and that his failure to bring the loan current could result in foreclosure. The notice indicated that there were several solutions that might be available to bring the loan current, depending on Biszczanik's situation, including loan modification. On August 20, 2015, notice was posted at

the subject property—where Biszczanik resided—that a sheriff's sale would occur on September 15, 2015. Notice of the sale was also published in the Oakland County Legal News.

Biszczanik thereafter submitted an application for loan modification. On September 10, 2015, Nationstar sent Biszczanik a letter indicating that review of his documentation could take 30 days; the letter cautioned Biszczanik that "there is no guarantee that you will qualify or receive any loss mitigation options." Nationstar sent Biszczanik another letter on September 25, 2015, informing him that it had evaluated his request for loan modification under three different programs—one of which was the Home Affordable Modification Program ("HAMP")—and that he did not qualify for any of the programs.

Biszczanik requested reconsideration of his application on October 26, 2015, asserting that Nationstar used several incorrect calculations in its initial evaluation. Nationstar informed Biszczanik that there was not sufficient time for review, however, because the foreclosure sale "was active and set for November 10, 2015." On November 10, 2015, a sheriff's sale was held at which Fannie Mae purchased the property for $284,945.25. The six-month redemption period allowed by Michigan law began to run on November 11, 2015, and expired on May 11, 2016.

On May 10, 2016, Biszczanik filed a civil action against Nationstar in the Oakland County Circuit Court seeking to quiet title, set aside the sheriff's sale, and toll the running of the redemption period. Biszczanik alleged claims of breach of duty under the HAMP guidelines, promissory and equitable estoppel, breach of the foreclosure-by-advertisement statute (Michigan Compiled Laws § 600.3204), specific performance, and injunctive relief. Biszczanik also applied for a temporary restraining order ("TRO"). The state court issued the TRO on May 25, 2016, stayed the redemption period, and scheduled a show-cause hearing for June 1, 2016.

On May 31, 2016, Nationstar removed the action to the United States District Court for the Eastern District of Michigan. On July 29, 2016, Biszczanik filed an amended complaint, naming Fannie Mae as an additional defendant. The amended complaint raised the following causes of action: (1) quiet title; (2) breach of duty under the HAMP guidelines; (3) promissory estoppel; (4) equitable estoppel; (5) breach of section 600.3204 by foreclosing on a loan that was not in default; and (6) specific performance.

Meanwhile, on May 19, 2016 (more than two months *before* it was included in Biszczanik's amended complaint), Fannie Mae filed a termination-of-tenancy complaint in state court, alleging that Biszczanik remained in possession of the property after the redemption period expired. Biszczanik responded, asserting that the redemption period had not expired and attaching a copy of the TRO. The state district court ordered that Fannie Mae could apply for an eviction order. Biszczanik appealed to the Oakland County Circuit Court, which affirmed. The circuit court concluded that the TRO provided no defense to Fannie's Mae's complaint because it was issued after the redemption period had expired, it was applicable only to Nationstar, and, by its terms, it expired two weeks after it was issued and was not extended.

In the district court, Nationstar and Fannie Mae filed a joint motion to dismiss Biszczanik's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They argued that, due to the expiration of the redemption period, Biszczanik lacked standing to challenge the foreclosure because he had not alleged fraud or irregularity sufficient to set aside the sale. They otherwise argued that Biszczanik failed to state a claim upon which relief could be granted.

The magistrate judge determined that Biszczanik lacked an interest in the subject property because he had failed to redeem it within the six-month period allowed by Michigan law, and although he alleged that the defendants used incorrect information to deny him a HAMP loan modification, he did not demonstrate any fraud or irregularity in the foreclosure process itself. The magistrate judge further concluded that: HAMP does not create a private right of action; Biszczanik's claims for promissory and equitable estoppel—based on alleged promises that he would receive a loan modification—were barred by Michigan's Statute of Frauds; Biszczanik did not establish a violation of section 600.3204; and there was no basis for injunctive relief. The magistrate judge therefore recommended granting the defendants' motion to dismiss.

Biszczanik filed objections to the report and recommendation. On review, the district court concluded that Biszczanik's objections were insufficient "general" objections, which did not require de novo review. Nevertheless, the district court reviewed the report and

Case: 17-1930     Document: 19-2     Filed: 03/28/2018     Page: 4

No. 17-1930
- 4 -

recommendation for clear error and found none. The district court therefore overruled Biszczanik's objections, adopted the magistrate judge's report and recommendation, granted the defendants' motion to dismiss, and entered judgment in favor of the defendants.

On appeal, Biszczanik argues that, despite the expiration of the redemption period, he is entitled to quiet title because he established a cognizable claim for breach of duty under the HAMP guidelines, which is sufficient to set aside the sheriff's sale. Specifically, he asserts that defendant Nationstar offered him a loan modification, which he accepted by submitting his loan modification application. He argues that Nationstar was then obligated to meet specific guidelines by properly evaluating his loan modification and to stay the sheriff's sale during the application process. Nationstar's failure to do so, he contends, constituted a breach of contract, which caused him prejudice due to the "shorten [sic] redemption period."

We review de novo a district court's order dismissing a claim under Rule 12(b)(6). *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013). In doing so, we accept all well-pleaded factual allegations as true and determine whether they plausibly state a claim for relief. *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

At the outset, the defendants argue that Biszczanik forfeited review of all of his claims by failing to file proper objections to the magistrate judge's report and recommendation. Generally, a petitioner's failure to file objections to a magistrate judge's report, when properly informed about the consequences of such failure, constitutes a forfeiture on appeal of the issues not objected to. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Also, objections that are vague, general, or conclusory are tantamount to no objection at all. *See id*. However, the general rule is procedural, not jurisdictional; "the court of appeals retains subject matter jurisdiction over the appeal regardless of the untimely filing or nonfiling of objections." *Kent v. Johnson*, 821 F.2d 1220, 1222-23 (6th Cir. 1987). In this case, the district court concluded that Biszczanik's objections were insufficient to trigger de novo review, but it reviewed the magistrate judge's

report for clear error. Because the district court ultimately reviewed Biszczanik's claims, we will also review them on appeal.

Michigan's foreclosure-by-advertisement laws, Mich. Comp. Laws §§ 600.3201–600.3285, limit a mortgagor's right to redeem foreclosed property to a six-month period following a sheriff's sale. Mich. Comp. Laws § 600.3240. When a mortgagor fails to redeem the property within the allotted time, his "right, title, and interest" in and to the property are extinguished. Mich. Comp. Laws § 600.3236. If a mortgagor fails to redeem the property during the statutory redemption period, however, he can still set aside the foreclosure sale if he can demonstrate "a clear showing of fraud or irregularity, but only as to the foreclosure procedure itself." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013). He must also allege that he was prejudiced by such fraud or irregularity; that is, he must show that he would have been in a better position to preserve his interests absent the fraud or irregularity. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012); *Conlin*, 714 F.3d at 360-62.

In his complaint, Biszczanik acknowledged that he failed to redeem the property within the period allowed by Michigan law but argued that the period should be extended for equitable reasons because the defendants used incorrect information to deny him a HAMP loan modification, continued the foreclosure proceedings during the application process, and held the postponed sheriff's sale without notifying him.

Only the claim of lack of notice of the sheriff's sale is related to the foreclosure process itself. The other alleged failures concern alleged improprieties in the loan modification process. We have held that HAMP does not create a private right of action and noted that "Michigan courts have not recognized that the HAMP regulations impose a duty of care by servicers to borrowers." *See Rush v. Mac*, 792 F.3d 600, 605-06 (6th Cir. 2015) (citation omitted).

Biszczanik's allegations that the defendants violated the foreclosure-by-advertisement statute are premised on his contention that he had applied for modification assistance and was not in default. Nevertheless, the record is clear that Biszczanik *was* in default. The materials that Biszczanik submitted with his own complaint included a notice sent to him by Nationstar

that he had missed seven months of payments.  Moreover, even assuming that the defendants violated provisions of the foreclosure statute, Biszczanik's remedy would have been the right to a judicial foreclosure as opposed to a foreclosure by advertisement.  *See* Mich. Comp. Laws § 600.3205c(8) (repealed 2013).  Biszczanik did not allege facts showing that he would have been able to retain his interest in the property if the defendants had proceeded with a judicial foreclosure, however.  Therefore, any alleged violation of section 600.3204 was insufficient to show prejudice to set aside the sheriff's sale.  *See Kim*, 825 N.W.2d at 337.

Biszczanik also raised claims of promissory and equitable estoppel and specific performance—based on Nationstar's alleged promises that he would receive a proper assessment for a loan modification and that the sheriff's sale would be postponed.  The district court concluded these claims were both unsupported and barred by Michigan's Statute of Frauds.  This determination was not in error.  Under Michigan's Statute of Frauds, a financial institution's promise regarding a loan modification is void unless it is (1) in writing and (2) signed with an authorized signature by the party to be charged with the promise.  Mich. Comp. Laws § 566.132(2)(c).  The correspondence that Biszczanik received from Nationstar satisfies neither of these requirements.  The documents allegedly promising Biszczanik a loan modification stated merely that modification "might be available" and, thus, did not constitute an enforceable promise of anything.  Nor does Biszczanik have any written documentation regarding the indefinite postponement of the sheriff's sale.  Accordingly, Biszczanik's claims of estoppel do not warrant relief.

Finally, to the extent that Biszczanik alleged a claim of quiet title, he bore the burden of proof and must have made a prima facie case that he had superior title or right to the property. *See Beulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999).  Biszczanik failed to allege any such facts.  At best, he asserted that Nationstar wrongly proceeded with the sheriff's sale, but that is insufficient to establish a prima facie case.  "[A] plaintiff must succeed first and foremost in making his own prima facie case, without relying on the weakness of a defendant's title." *Stern v. Marjieh*, No.

295487, 2011 WL 1140129, at *2 (Mich. Ct. App. Mar. 29, 2011). The district court thus properly dismissed this claim.

We therefore **AFFIRM** the judgment of the district court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk